KENNARD v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-085-CR

MARK EAST KENNARD APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On February 9, 2005, Appellant Mark East Kennard pled guilty to aggravated kidnapping with a deadly weapon and, pursuant to a plea bargain agreement, was sentenced to eight years’ confinement.  Also on February 9, the trial court entered its certification of Appellant’s right to appeal in accordance with Rule 25.2(a)(2).  
See
 
Tex. R. App. P.
 25.2(a)(2).  The certification states that this “is a plea-bargain case, and the defendant has NO right of appeal.”  The certification further recites, “I acknowledge that I have been informed of the above certification by the trial court and waive the receipt of a copy thereof”; this provision is signed by Appellant and his counsel. 

On March 15, 2005, Appellant filed a pro se notice of appeal.  On March 22, 2005, we notified Appellant that the certification indicating he had no right to appeal had been filed in this court, and that this appeal would be dismissed unless Appellant or any party desiring to continue the appeal filed with the court a response showing grounds for continuing the appeal.  
See
 
Tex. R. App. P.
 25.2(d), 44.3.  No response has been filed.

Rule 25.2(a)(2) limits the right to appeal in a plea bargain case to those matters that were raised by written motion filed and ruled on before trial or after getting the trial court’s permission to appeal.  
See
 
Tex. R. App. P.
 25.2(a)(2)(A)-(B).  According to the trial court’s certification, neither of these circumstances apply because it states that there is no right to appeal.

Because Appellant has no right to appeal, we dismiss the appeal.  
See
 
Tex. R. App. P.
 43.2(f).

PER CURIAM

PANEL D:  HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  May 5, 2005

FOOTNOTES
1:
Tex. R. App. P.
 47.4.